FILED
CAMPBELL CIRCUIT COURT
NOV 19 2013
TAUNYA NOLAN JACK, CLERK
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
CAMPBELL COUNTY CIRCUIT COURT
DIVISION  13-CI-1222
CASE NO.  _____

| | | |
|---|---|---|
| PETER CANAVAN NEWBERRY<br>530 Washington Avenue<br>Newport, Kentucky 41071 | : | PLAINTIFF |
| | : | |
| vs. | : | |
| | : | |
| MARC H. SILVERMAN, D.D.S.<br>4464 Carver Woods Drive<br>Cincinnati, Ohio 45242 | : | DEFENDANTS |
| | : | |
| SILVERMAN DENTAL, LLC<br>Serve: Statutory Agent<br>Stuart Silverman<br>4464 Carver Woods Drive<br>Cincinnati, Ohio 45242 | : | |

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

Now comes the Plaintiff, Peter Canavan Newberry, *pro se*, and for his causes of action against Defendants Marc Silverman, D.D.S. and Silverman Dental, LLC states as follows:

### PARTIES

1.  Plaintiff Peter Canavan Newberry (hereinafter "Plaintiff") is a citizen of the Commonwealth of Kentucky who resides at 530 Washington Avenue, Newport, KY 41071.

2.  Defendant Marc H. Silverman, D.D.S. is a resident of the State of Ohio who practices dentistry at 4464 Carver Woods, Cincinnati, Ohio 45242.

3.  Defendant Silverman Dental, LLC is a corporation registered in the State of Ohio whose principal place of business is 4464 Carver Woods Drive, Cincinnati, Ohio 45242.

1



EXHIBIT A

## BACKGROUND

4. In the early to mid 1990's, Plaintiff saw Defendant Marc Silverman, D.D.S. (hereinafter "Silverman") of Defendant Silverman Dental, LLC for dental care and he performed a root canal for Plaintiff.

5. About ten years later, Plaintiff returned to Defendant Silverman because he had been having trouble with the tooth. Defendant Silverman took an x-ray of the tooth, and informed him he either had bitten down hard and that he had either bruised a nerve or he had developed cancer. Defendant Silverman told Plaintiff to just continue to monitor the situation.

6. A few years later, Plaintiff returned to Defendant Silverman with the same complaints, but nothing further was done to rectify Plaintiff's pain from the tooth.

7. On November 19, 2012, Plaintiff sought dental care from an endodontist in Lexington, Kentucky. During this appointment Plaintiff learned for the first time that Plaintiff's dental problems stemmed from Defendant Silverman's negligent performance of his root canal procedure. The procedure had been incomplete, and Defendant Silverman did not go past the curve of the root when performing the root canal. As a result, Plaintiff's tooth became abscessed.

## JOINT AND SEVERAL LIABILITY

8. Plaintiff is entitled to recover damages from Defendants jointly and each of them based on the theories of liability, and under such other theories of liability as may be appropriate based upon the facts as alleged herein or as revealed during discovery.

## FIRST CAUSE OF ACTION
## (DENTAL MALPRACTICE)
## (DEFENDANTS)

9. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through eight of this Complaint as if fully incorporated herein.

10. Defendant Silverman had a duty to Plaintiff to use the due care in performing the root canal procedure and other dental services for Plaintiff.

11. Defendant Silverman breached such duty by either failing to properly perform or inspect Plaintiff's teeth after the root canal procedure was complete.

12. Defendant Silverman also breached his duty by failing to identify or diagnose the injury when Plaintiff returned to him two times with problems related to the abscessed tooth.

13. The foregoing acts and omissions of Defendant Silverman were acts and omissions constituting conduct below the standards of the dental profession in Defendant Silverman's community and individually and/or collectively caused Plaintiff's injuries.

14. As a direct and proximate result of Defendant Silverman's conduct alleged herein, Plaintiff has been damaged in an amount in excess of $25,000 to be proven at the trial of this matter.

### SECOND CAUSE OF ACTION
### (NEGLIGENCE)
### (DEFENDANTS)

15. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through fourteen of this Complaint as if fully incorporated herein.

16. Defendant Silverman owed a duty of care to patients under his care and control.

17. Defendant Silverman had a duty of care to patients, like Plaintiff, under his care and control.

18. Defendant Silverman breached such duty when he failed to perform according to the accepted standards for dentists performing root canals and other dental services.

3

19. Defendant Silverman's breach of duty was the cause in fact of Plaintiff's injuries including, but not limited to, other dental problems stemming from the negligent and incomplete performance of Plaintiff's root canal and subsequent dental examinations.

20. As a proximate result of Defendant Silverman's conduct alleged herein, Plaintiff has been damaged in an amount in excess of $75,000 to be proven at the trial of this matter.

## THIRD CAUSE OF ACTION
## (SPOLIATION OF EVIDENCE)
## (DEFENDANTS)

21. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through twenty of this Complaint as if fully incorporated herein.

22. Upon learning of the negligent dental work that had been performed in relation to Plaintiff's root canals and/or other dental services, Plaintiff requested copies of his dental records and was informed that several x-rays had not been taken and that he no longer had all of his dental records.

23. Defendants knew that litigation was probable given his negligent dental work.

24. Defendants intentionally or negligently destroyed Plaintiff's dental records and x-rays with the intent of disrupting his case.

25. Defendants have disrupted Plaintiff's case by destroying Plaintiff's dental records, x-ray and evidence of Defendant's negligent performance of the root canal procedure and other dental work or dental examinations.

26. As a direct and proximate result of Defendants' spoliation of Plaintiff's dental records and x-ray, Plaintiff has been damaged as set forth above and in an amount to be determined at the trial of this matter.

## FOURTH CAUSE OF ACTION
## (INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
## (DEFENDANTS)

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through twenty-six of this Complaint as if fully incorporated herein.

28. After Plaintiff complained of pain in the tooth that Defendant Silverman knew he had not completed the root canal, Defendant Silverman took an x-ray of the tooth and informed Plaintiff he either had bitten down hard and that he had either bruised the tooth or he had developed cancer. Defendant Silverman told Plaintiff to just continue to monitor the situation.

29. Defendant Silverman's statement to Plaintiff caused Plaintiff great emotional distress, and was made by Defendant Silverman to hide the fact of Defendant's negligent performance of the root canal procedure and other dental work or dental examinations.

30. As a direct and proximate result of Defendants' intentional or negligent infliction of emotional distress, Plaintiff has been damaged as set forth above and in an amount to be determined at the trial of this matter.

## FIFTH CAUSE OF ACTION
## (FRAUD)
## (DEFENDANTS)

31. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through thirty of this Complaint as if fully incorporated herein.

32. After Plaintiff complained of pain in the tooth that Defendant Silverman knew he had not completed the root canal, Defendant Silverman took an x-ray of the tooth and informed Plaintiff he either had bitten down hard and that he had either bruised the tooth or he had developed cancer. Defendant Silverman told Plaintiff to just continue to monitor the situation.

33. Defendant Silverman's statement to Plaintiff caused Plaintiff great emotional distress, and was made by Defendant Silverman to hide the fact of Defendant's negligent performance of the root canal procedure and other dental work or dental examinations.

34. As a direct and proximate result of Defendants' fraud, Plaintiff has been damaged as set forth above and in an amount to be determined at the trial of this matter.

**WHEREFORE**, Plaintiff Peter Canavan Newberry demands judgment against the Defendants Marc Silverman, D.D.S. and Silverman Dental, LLC, jointly and severally, as follows:

1) For compensatory damages in an amount in excess of twenty-five thousand and no/100 ($25,000.00) dollars;

2) Treble damages pursuant to law, in an amount to be determined at trial;

3) Reasonable attorney's fees, in an amount to be determined by the Court;

4) Prejudgment and post-judgment interest;

5) Punitive damages, in an amount to be determined at trial;

6) Costs of this action; and

7) Any and all further relief which the Court deems reasonable and proper.

Respectfully Submitted,

Peter Canavan Newberry
*Plaintiff Pro Se*
1217 Criswell Road
Berry, Kentucky 41003
Phone: (513) 608-4312
E-Mail: peter.newberry@fuse.net

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

_____
Peter Canavan Newberry
*Plaintiff Pro Se*

## PRAECIPE TO THE CLERK

Please cause a copy of the Complaint and Summons herein to be issued to the Defendants, by certified mail, return receipt requested, at the address listed in this Complaint, according to law and the Kentucky Rules of Civil Procedure.

_____
Peter Canavan Newberry
*Plaintiff Pro Se*